JAMES N. TRACY III, ESQ. (JT 3875)
TANSEY TRACY LLC
24 Thoreau Drive
Freehold, New Jersey 07728
(732) 683-1770
Attorneys for Defendants, United Healthcare Services and Optum

| | |
|---|---|
| ALKABEN PANCHAL and HARISH PATEL, individually, | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CASE NO: |
| Plaintiff(s), | |
| vs. | |
| | **NOTICE OF REMOVAL** |
| GEICO INSURANCE COMPANY, UNITED HEALTHCARE SERVICES, INC. and OPTUM, individually, | |
| Defendant(s). | |

This Notice of Removal is made pursuant to 28 U.S.C. §1444(c) and submitted jointly on behalf of United Healthcare Services and Optum:

### I.

1.      On or about December 27, 2013, the plaintiffs, Harish Patel ("Patel") and Alkaben Panchal ("Panchal"), husband and wife, sustained personal injuries as the result of a motor vehicle accident that occurred in Allamuchy Township, New Jersey ("Accident").

2.      Thereafter, the plaintiffs filed separate personal injury actions in the Superior Court of New Jersey, Warren County, alleging that the Accident and their resultant injuries were caused by the negligence of various defendants ("Personal Injury Actions").  The two Personal Injury Actions were later consolidated with other such actions filed by and on behalf of other individuals involved in the Accident.

3.      Based upon current information and belief, the insurance carriers for defendants, Michael Dalessio and Panther Pub, have tendered $1.3 million, their combined available policy limits, in settlement of plaintiffs' personal injury claims and those asserted by and on behalf of the other individuals involved in the Accident ("Settlement Proceeds").

4.      Based upon current information and belief, the Settlement Proceeds have been deposited into state court.

## II.

5.      At the time of the Accident, the plaintiffs were enrolled in the Accenture United States Group Medical Plan ("Accenture Plan"), Patel as a participating employee and his wife, Panchal, as a dependent.

6.      At all relevant times, the Accenture Plan was an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et seq* ("ERISA").

7.      Following the Accident, the Accenture Plan paid self-funded medical benefits on behalf of Patel and Panchal in the amounts of $3,862.24 and $80,834.90, respectively ("Subject Benefits").

8.      United Healthcare Services ("UHC") is, and was at all relevant times, a Claims Administrator for the Accenture Plan and, in such capacity, administered, but did not insure, the Subject Benefits.

9.      Optum is, and was at all relevant times, a subrogation/reimbursement agent for the Accenture Plan.

2

### III.

10.    On or about February 14, 2018, plaintiffs filed the instant Order to Show Cause ("OTSC") in the Superior Court of New Jersey, Law Division, Somerset County, under Docket No. L-227-18.  The OTSC included a Verified Complaint demanding against UHC and Optum:

> A finding that the United health insurance plan is not in fact ERISA self-funded, thereby extinguishing any claim of subrogation against the plaintiffs' potential recoveries from the tortfeasors' carriers.

*See* copy of High Point's OTSC and Verified Complaint attached as "Exhibit A."

11.    On or about February 16, 2018, the state court entered an Order requiring UHC and Optum to show cause why the relief sought in plaintiffs' Verified Complaint should not be granted (*see* copy of February 16, 2018 Order attached as "Exhibit B").

12.    UHC and Optum, in response to the February 16, 2018 Order and the plaintiffs' Verified Complaint, seek to enforce the Accenture Plan's recovery rights, specifically, that the terms of the plan create an equitable lien by agreement on the Settlement Proceeds in the amount of the Subject Benefits.  Such constitutes a claim for equitable relief to enforce plan terms under 29 U.S.C. §1132(a)(3) of ERISA.  *See U.S. Airways v. McCutchen,* 133 S. Ct. 1537 (2013); *Sereboff v. Mid Atlantic Medical Services, Inc.,* 126 S. Ct. 1869 (2006); *Bd. of Trs. of Plumbers & Pipefitters Local Union No. 9 Welfare Fund v. Drew,* 445 Fed. Appx. 562 (3d Cir. 2011).

13.    Pursuant to 29 U.S.C. §1132(e) of ERISA, federal courts have exclusive jurisdiction to hear claims brought under 29 U.S.C. §1132 (a)(3). *See Walker v. Rose*, 22

F. Supp. 2d 343, 346-347 (D.N.J. 1998); *see also Dinnigan v. ABC Corp.,* 35 Misc. 3d 1216 (Sup. Ct. N.Y. 2012).

14.     Because 29 U.S.C. §1132(a)(3) of ERISA is a law of the United States and the instant action arises under same, this Court has original jurisdiction pursuant to 28 U.S.C. §1331.

## IV.

15.     UHC was served with a copy of the February 16, 2018 Order, plaintiff's OTSC and Verified Complaint on February 27, 2018 (*see* proof of service documentation attached as "Exhibit C"), which is within the past thirty (30) days.  Such was the first paper from which UHC could ascertain that the action was removable.

16.     Optum was served with a copy of the February 16, 2018 Order, plaintiffs' OTSC and Verified Complaint on February 28, 2018 (*see* proof of service documentation attached as "Exhibit D"), which is within the past thirty (30) days.  Such was the first paper from which Optum could ascertain that the action was removable.

17.     Consent of the other parties to removal is not required in this instance because jurisdiction over the claim upon which removal is based lies exclusively with the federal courts. *See Robco of America, Inc. v. Insurance Co. of North America,* 845 F. Supp. 1112, 1114 n.2 (W.D. Pa. 1994)*; CCW Mgmt., LLC v. Global Holdings Group, LLC,* 2011 U.S. Dist. LEXIS 80366 (D. S.C. 2011) ("Because this court has exclusive jurisdiction over the Plaintiff's federal securities claim, consent of all the served Defendants is not required").

18.     In accordance with 28 U.S.C. §1446(a), a copy of the Order to Show Cause and Verified Complaint filed by plaintiffs in the state court action have been attached as "Exhibit A."  There have been no other proceedings in this action.

WHEREFORE, UHC and Optum respectfully request that the above-captioned action now pending in the Superior Court of New Jersey, Law Division, Somerset County, be removed to the United States District Court for the District of New Jersey.

By: /s/  James N. Tracy_____
James N. Tracy (JT 3875)
TANSEY TRACY LLC
24 Thoreau Drive
Freehold, New Jersey 07728
(732) 683-1770
Email: j.tracy@lawttc.com

Dated:  March 27, 2018

In accordance with Rule 11 of the Federal Rules of Civil Procedure, I hereby certify that to the best of my knowledge, information and belief, and after reasonable inquiry under the circumstances, the instant Notice of Removal:

(1)     is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)     the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and;

(4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

By: /s/  James N. Tracy_____
James N. Tracy (JT 3875)
TANSEY TRACY LLC
24 Thoreau Drive
Freehold, New Jersey 07728
(732) 683-1770
Email: j.tracy@lawttc.com

Dated:  March 27, 2018